There are good reasons why those aspects of Bethel's claims seeking to pierce the corporate veil are equitable. First, in some, Bethel seeks for the Court to relieve him of his original agreement and acknowledgment that the other party to the contract was a corporate entity and seeks for the Court to reform the contract into one binding the principals of the corporate entity, instead of the corporate entity itself. Second, in others, Bethel seeks to impose tort liability on Mrs. Thorn for the torts of what Bethel originally agreed and acknowledged was a corporate entity, as though, in essence, Mrs. Thorn were in partnership with Mr. Thorn.
A different case entirely would be presented if Bethel had always dealt with the Thorns as individuals or as business partners and had originally sued them in those capacities. In such an event, their interposing as a defense that they were really merely the principals of a corporate entity would not necessarily avoid Bethel's right to a jury trial on that aspect of the case; in that case, Bethel, not asking the Court for reformation or other equitable dispensation, could maintain, if true, that this particular defense by the Thorns was a mere sham. Because such a position would not be seeking an equitable remedy, it would be triable by a jury.